K

RECEIVED

FEB 03 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

2020 FEB -3 AM 7:53

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kerry Kelly
James Kelly

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

Case 1:20-cv-00803
Judge Charles R. Norgle, Sr.
Magistrate Jeffrey Cole

The Chief of Police
Maywood, Talley
Officer Ferrmitt,
And Two Unknown
Patrol Officer's
Maywood Police Dept

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

**CHECK ONE ONLY:**

X **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

______ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

______ **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

**IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A. Name of case and docket number: Kerry Kelly N/A

B. Approximate date of filing lawsuit: N/A

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: N/A

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A

F. Name of judge to whom case was assigned: N/A

G. Basic claim made: N/A

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

I. Approximate date of disposition: N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

**IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A. Name of case and docket number: JAMES Relly V THE Maywood Police DEPT. 19-CV-03163

B. Approximate date of filing lawsuit: ____________

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: JAMES Relly

D. List all defendants: Chief Talley Police et al

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): United States District Court Northern District

F. Name of judge to whom case was assigned: THE Honorable Judge; JOHN Z. LEE

G. Basic claim made: Taking of my Truck in violation of Due-process of the Law.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): CAME to AN AGREEMENT

I. Approximate date of disposition: 9-26-19

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

**I. Plaintiff(s):**

A. Name: Kerry Kelly

B. List all aliases: None

C. ~~Prisoner identification number~~: 

D. ~~Place of present confinement~~: 

E. Address: 406 Oak St Apt 2-East, Maywood Il. 60153

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Valdimir Talley

Title: Chief of Police

Place of Employment: Maywood Police Dept.

B. Defendant: Officer Ferrmitt

Title: Patrol officer

Place of Employment: Maywood Police Dept.

C. Defendant: Unknown at this Time

Title: Officer Patrol, 1

Place of Employment: Maywood Police Dept.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

**I. Plaintiff(s):**

A. Name: James Kelly

B. List all aliases: NONE

C. ~~Prisoner identification number~~: ______

D. ~~Place of present confinement~~: ______

E. Address: 406 Oak St Apt 2-East, Maywood Il. 60153

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Unknown at this Time

Title: Patrol officer

Place of Employment: Maywood Police Dept.

B. Defendant: ______

Title: ______

Place of Employment: ______

C. Defendant: ______

Title: ______

Place of Employment: ______

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

ON THE MORNING OF JAN. 7, 20 PlAINtiFF, KERRY Kelly, Residing At 710 Legion St MAYWOOD Il. 60153. THE MAYWOOD Police Dept. THREE Officers, HAMMERED there way to The door ENTERed, AND ASKED PlAINtiFF FOR DRUGS And PlAINtiff Responded, THERE'S NONE, ON THE premises. WAS cuffed and TAKEN Up stairs, AND THE 3 officer's began to SEARCH THE living SPACE.

PlAINtiff asked The officers in question for WARRENT, They all Responded in The negative that; "No WARRENT WE CAME hear bogus As Hell and They all began to Laugh.

The Officers came for One Reason, To Shopp for Anything legal, illegal And Took The $200.00 that my Brother, Affiant, JAMES Kelly, From bed AREA, He Had Just Left to laundry

mate. This matter really pertains to the acts of my brother, James Kelly. So Plaintiff was taken to jail almost kicked down the steps, and was charged for ammo (UUW) that was left there by my other brother, Joey Kelly years ago. Exhibit (E)

I, James Kelly, first duly sworn upon oath swear and deposes the following: On Nov. 5, 2019, I affiant James Kelly was approached by the Maywood Police Chief, Talley and my chev pickup truck was taken, No citations was given, not driving, wasn't in it. Attached Exhibit (F). The case was entered in front of the Honorable Judge, John Z Lee, The United States District Court for the Northern District of Illinois, Case # 19-CV-03163. Exhibit (G)

On Sept. 23, 2019, Affiant settled the case for $4,750.00, Attorney's

FOR THE DEFENDANTS, KLEIN & THORPE COUNSEL, BRIAN GORKA, ALSO DEFENDANT AREA TOWING. AGREEMENT SIGNED BY AFFIANT, SENT BACK THAT DAY TO ATTORNEY'S OF RECORD. UPON SIGNING THE AGREEMENT, AFFIANT CALLED THE ATTORNEY MR. GORKA ALL SUMMER LONG ASKING ABOUT THE PROCEEDS, AND ALL AFFIANT WAS TOLD; NOTHING DIDN'T KNOW ANYTHING. THIS ACTION TOOK PLACE FOR 5 MOS. LONG.

I PLAINTIFF KERRY KELLY, AFFIANT JAMES KELLY, HAS BEEN LIVING IN THE COMMERCIAL PROPERTY FOR 20 YEARS MAYWOOD IL, 7th LEGION, AND IN ALL OF THE 20YRS, WE HAVE BEEN BATTLING WITH THE VILLAGE, POLICE, CODE ENFORCEMENT, WE'VE BEEN IN BOARDUPS, LOCKUPS, LOCKOUTS, PUTOUTS, BACKINS. WE ARE HOMELESS, AND DIDN'T HAVE A PLACE TO GO. WE ARE IN OUR 60'S - KERRY, JAMES 64. MY MOM + DAD GRANDMOTHER ARE DECEASED.

**V. Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON JAN. 6, 20, AFFIANT, JAMES Kelly Called Attorney, BRIAN GORKA and EXPRESSED MY disatification about waiting for the settlement, and Relayed to MR. GORKA, That I think that I'AM going Back to 219 S. DEARBORN, HONORABLE Judge, John LEE and Tell him my dilemma with The Acts of The ATTORNEY, and The chief of the Police, Talley, BECAUSE The Affiant Knows that they were behind IT all So I said good bye.

The very Next day ON The Seventh of JAN. 20, in which The Acts in which My brother Plaintiff Kerry Kelly Rebaged Happended, But IT was all a plot to incarcerate

* Affiant, James Kelly, to conspire to take the funds somehow.

My brother Kerry Kelly, James Kelly has been in the building all summer long and seen at the building everyday. Because the officer that came into the building, officer Ferrait drove by the building all summer long, but waited to wait to the middle, "dead of winter to get us out" and the chief Talley is behind it all.

Maywood has a custom, practice, of violating the rights of it's citizens in the community that's unfortunate, unemployed, problems, with alchol, drugs, the, people that have a disease. The acts of the defendants, Talley chief, and three officer's is in retaliation because the affiant James Kelly for excercising his constitutional rights of due-process of the law

The filing of the Lawsuit for his Truck.

My brother, Plaintiff, Kerry Kelly was made to leave the lockup without shoestrings in shoes, no socks took them, no coat its Jan 9. 2020

James Kelly

Further Affiant Saith Not

1-21-20

* And That Thursday about noon time was called and attorney says he has the money. The paperwork was signed by village of Maywood, Willie Norfleet 11-20-19, Vladimir Talley, 11-15-19, area towing 11-15-19, check dated 1-3.-20 attached exhibit (C)

Also there's a supreme court decision in which gives the anology of the law of adverse possession, which stands today by

SCHWARTZ V. PIPER, 4 Ill 2d 488, 122 N.E. 2d 535 (1954). THE PREMISES BELONGS TO ME AND MY BROTHER. EXHIBIT( ) PLAINTIFF KERRY KELLY WENT TO COURT OF JAN. 22, 20, AND FROM THE TIME HE RECEIVED THE CHARGES NO ONE FROM THE POLICE WAS THERE, THE COMPLAINT THAT HE WAS DISCHARGED FROM WAS NOT SIGNED BY HIM STATING; I UNDERSTAND AND ACCEPT THE CONDITIONS OF BOND I MAKE IN THIS MATTER. I HEREBY CERTIFY THAT I UNDERSTAND THE CONSEQUENCES OF FAILURE TO APPEAR FOR TRIAL AS REQUIRED WAS NOT SIGNED BY KERRY KELLY. ALSO THE PURPOSE OF BOND - SAYS X-TRIAL - APPEAL EXHIBIT (14) IT WAS NOTHING BEING SAID ABOUT MAYWOOD & THE CAUSE FOR THE ARREST. ECT NO OFFICER STAR ECT. IT ALL REFERTS BACK TO THE BASIS OF THE INSTANT CAUSE.

**VI. Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

The Plaintiff's in Insant cause ask's This Honorable Court to grant the Plaintiff's #35,000 dollars in Compensatory dameges, Punitive dames in Amount of $4,100.00 dollars for The four defen dants, Prohibit the defendant's from Unconst. Acts Relating to The property in question. Cont. Concerning

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this Thus day of 23, 20 20

Jamy Kelly

Kerry Kelly x

(Signature of plaintiff or plaintiffs)

James Kelly

(Print name)

Kerry Kelly x

(~~I.D. Number~~)

406 Oak St Apt. 2-East

Maywood Il. 60153

(Address)

The matters of State Law, Illinois Law of adverse possession Allow the plaintiff's Re-entry to the property in question, stop the Harassment of Plaintiff's and relief this Honorable ~~Court grant~~ Court Deems proper. This Court has the authority under pendant jurisdiction to rule on the issues of State Law, Prohib the defendants from invasions under the 4th Amend. and from unconstitutional acts ~~that~~ infringe upon the plaintiff's Const. Rights of Due-process of the Law under Ill. & U.S. Const.

Copies will be sent:

Village Free Press
C/o Wensday Journal
141 S. Oak Park Ave.
Oak Park Il. 60302

The Attorney
General of
Il.

Attorney Disciplinary
Comm. Supreme Court
of Illinois.

JUSTIA

# Schwartz v. Piper

**4 Ill. 2d 488 (1954)**

**122 N.E.2d 535**

LEONARD J. SCHWARTZ et al., Appellees, v. OLIVER G. PIPER et al., Appellants.

No. 33266.

**Supreme Court of Illinois.**

Opinion filed November 18, 1954.

Rehearing denied January 18, 1955.

*489 JESSE R. BROWN, of Edwardsville, for appellants.

HAROLD G. TALLEY, of Alton, for appellees.

Decree reversed.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Leonard J. Schwartz and Verna Schwartz, plaintiffs, filed a complaint in the circuit court of Madison County seeking to establish title to a trapizoidal strip of land lying between their residence and a residence owned by the defendants, Oliver G. Piper and Anna E. Piper in the city of Edwardsville. This appeal is from a decree quieting title to the disputed tract in the plaintiff Leonard J. Schwartz, and permanently enjoining defendants from use of the property. A freehold is involved.

Main Street in the city of Edwardsville runs in a northwesterly and southeasterly direction, but for purposes of this opinion we shall refer to it as running north and south. Leonard J. Schwartz is the owner of record of a tract fronting on Main Street 84 feet by 208 feet deep.

Oliver G. Piper and Anna E. Piper are the owners of record of a tract adjoining the Schwartz tract on the south fronting *490 on Main Street 72 feet by 150 feet deep. The tract in dispute adjoins the Schwartz tract on the south. It is a strip off the north side of the Piper tract ten feet wide at the front on Main Street, 150 feet deep and three feet wide at the rear. It is undisputed that the record title to this strip is in the Pipers. Both the Schwartz and the Piper tracts are improved with dwelling houses and occupied by the respective parties as homesteads. There are no buildings on the disputed tract.

The titles to both the Schwartz and Piper tracts were derived from one Ivan L. Zurkuhlen, who acquired title by warranty deed in 1896. In 1902 Ivan Zurkuhlen conveyed the Schwartz tract to one John Zimmerscheid who, in turn, conveyed to Agnes McKee in 1904. In 1919 Agnes McKee conveyed to Henry and Etta Buck and they in turn conveyed to Leonard J. Schwartz in 1921. All conveyances were by warranty deed and none of them purport to include any part of the disputed tract.

Ivan L. Zurkuhlen conveyed the Piper tract to his son, Fred Zurkuhlen, in 1908, who in turn conveyed to Etta Worden in 1921. Etta Worden conveyed to the defendant Anna E. Piper by deed dated March 15, 1945. All of these conveyances were by warranty deed. In 1947, by quitclaim deeds and the use of a straw party, a joint tenancy in this tract was created in Anna E. Piper and Oliver G. Piper. Each of these conveyances include all of the tract which is in dispute.

It appears from the evidence that the various owners and occupants of the respective tracts lived peacefully as neighbors from the time of the sale of the Schwartz tract by Zurkuhlen in 1902 until the summer of 1952 when a dispute arose between plaintiffs and defendants as to the location of the property line between the two tracts. Prior to that time there had never been any controversy as to the location of the line. When the dispute arose plaintiffs employed an engineering firm to survey their premises *491 and defendants had the city engineer measure their tract. The surveyor placed stakes to mark the south line of the Schwartz tract and this coincided with the measurement made by the city engineer establishing the north line of the tract described in the Piper deed. On October 27, 1952, the Pipers built a fence, constructed of steel posts and two strands of wire, upon the line established by such survey and measurement. This fence is on the north line of the disputed tract. It further appears that prior to 1952 there were no stones, stakes, monuments or visible markings of any kind marking the dividing line between the two tracts except that during the period from about 1903 to 1917 there was an iron fence maintained on the dividing line. This old iron fence was removed about 1917 and no trace of its location remained after its removal.

A plat admitted in evidence by stipulation of the parties shows that the residence on the Schwartz tract is located approximately three and one-half feet north of the north line of the disputed tract and that a concrete sidewalk three and one-half feet wide runs along the south side of the residence so that the south edge of the Schwartz sidewalk very nearly coincides with the north line of the disputed tract. The plat also shows that the north side of the Piper residence is approximately thirty-five feet south of the north line of the disputed tract and that there is a crushed stone driveway running from Main Street east on the Piper tract. The north line of the driveway coincides with the south line of the disputed tract.

Photographs admitted in evidence show that there is a cedar tree, some lilac bushes and other shrubbery located on the disputed tract very near the north line thereof, and a large tree near the front about one foot north of the north line of the Piper driveway. There is a clothes-line pole and a garbage can rack located toward the rear near the north line of the disputed tract. The clothes-line pole and garbage can rack were placed there by defendants after *492 they purchased the Piper tract in 1945 and have been used by them since their erection. Some of the shrubbery was planted there by plaintiffs and their predecessors in title and defendants planted some flowers there. There is a dispute as to who mowed the grass on the strip, it appearing that both parties mowed it part of the time. There are now no monuments, corner stones, stakes or other visible markers to indicate where there was ever any established line recognized as the dividing line by the parties hereto or any of their predecessors in title.

Plaintiffs claim title to the disputed tract by reason of adverse possession for more than twenty years under section one of an act in regard to limitations, (Ill. Rev. Stat. 1951, chap. 83, par. I.) The complaint alleges that plaintiff and his predecessors in title have been in open, continuous, actual, notorious, visible, exclusive, uninterrupted and adverse possession of said strip for more than 49 years prior to October 27, 1952. The complaint was filed November 1, 1952.

Defendants' answer, so far as material here, consists of a general denial and claim of ownership by title of record.

The only material question raised by the briefs is one of fact, and the test is whether the proof shows that plaintiff and those under whom he claims title have been in the actual, open, exclusive, adverse and continuous possession of the disputed strip for twenty years or more, under a claim of ownership inconsistent with the claim of ownership of the holder of the record title.

It is well settled that the adverse possession which is required to constitute a bar to the assertion of a legal title by the owner must include these five elements: It must be (1) hostile or adverse, (2) actual, (3) visible, notorious and exclusive, (4) continuous, and (5) under claim of ownership. (Zirngibl v. Calumet and Chicago Canal and Dock Co., 157 Ill. 430; Augustus v. Lydig, 353 Ill. 215.) *493 If the record does not establish all of those conditions plaintiff cannot prevail. (Bugner v. Chicago Title and Trust Co. 280 Ill. 620.) Furthermore, the doctrine of adverse possession is to be taken strictly. It cannot be made out by implication or inference. The presumptions are all in favor of the true owner, and the proof, in order to overcome such presumptions, must be strict, clear and unequivocal. Horn v. Metzger, 234 Ill. 240; Town of Kaneville v. Meredith, 351 Ill. 620.

Under the twenty-year Statute of Limitations it is the possession that bars the owner from recovery. No deed is requisite to the inception, the continuance or the completion of the bar, but the possession must be of a definitely defined tract and where there is no deed or color of title the claimant has the added burden of establishing by clear and convincing proof the location of the boundaries to which he claims. Such boundaries must be definitely established at the inception, during continuance and at the completion of the period of adverse possession. The proof must be such as to establish with reasonable certainty the location of the boundaries of the tract to which the five elements of adverse possession are applied and all of the elements must extend to the tract so claimed. While it is not necessary that the land should be enclosed by a fence, the boundaries must be susceptible of specific and definite location. It is elementary that in any case involving a boundary dispute the claim of title by adverse possession must be to a visible or ascertainable boundary line. Usually such lines are marked by monuments of some sort and where the location of a boundary is marked by a monument at the inception or during the continuance of the period of adverse possession, but such monument is lost or destroyed, the location of such boundary or the monument marking the same must be susceptible of definite proof in any action in which the benefits of adverse possession are claimed. *494 Were such proof not required it would be impossible for the court to define with certainty the boundaries of the tract so claimed.

So far as the evidence discloses the old iron fence constructed about 1903 was the only definitely fixed visible monument marking the line to which plaintiffs claim. It is undisputed that this fence was removed more than thirty years before the filing of this suit and that no visible trace of the exact location of the fence remained after its removal. The plaintiffs therefore had the burden of proving by clear and convincing evidence the exact location of the boundary line to which they claimed. This they have failed to do. The testimony, even of plaintiffs' own witnesses, as to the exact location of the old fence or the boundary to which

they and their predecessors in title claimed, is so vague and indefinite as to make it impossible for the court to ascertain the location of the line with reasonable certainty. Leonard J. Schwartz, one of the plaintiffs, testified that he lived across the street from the tract in question from 1907 to 1921 and that he remembers the iron fence. He fixes the location of the fence with reference to the concrete sidewalk which runs along the south side of the Schwartz house and his testimony is that it was "some two or three or four feet south of the concrete sidewalk." He further testified that it stood on the south line of the disputed tract, which is also the north line of defendants' driveway. From the plat made by plaintiffs' own surveyor and admitted in evidence as plaintiffs' exhibit it is apparent that the north line of defendants' driveway is from six to nine feet south of the concrete sidewalk. It is undisputed that the defendants' driveway was not constructed until after 1945 and at least twenty-five years after all visible trace of the fence was gone.

Etta C. Buck, a witness for plaintiffs, testified that she owned the Schwartz property from 1919 to 1921. She could not locate the old fence with reference to the Piper *495 driveway, but stated it was about three feet south of the concrete sidewalk running along the south side of the Schwartz residence, while the plat shows that the south line of the disputed tract is at least six feet south of the sidewalk at its nearest point.

Venita Baker Peters testified for plaintiffs that she is a niece of Etta C. Buck and frequently visited her aunt when she lived in the Schwartz house. She fixes the location of the fence by an old shed which was moved many years ago and as to the location of which no visible trace remains. Her testimony is that the fence connected to the southwest corner of the old shed and that the old shed was "quite a ways" past the walk to the south.

Wilma Shepard testified for plaintiffs that she is a sister of Leonard Schwartz; that she remembered the iron fence and placed it with reference to the sidewalk. Her testimony was that she could not say exactly but judged it to be four or five feet south of the walk.

On behalf of the defendants, Fred M. Zurkuhlen testified that his father was the common owner of the tracts involved; that he lived with his father in the Schwartz house until it was sold in 1902 and that thereafter his father built the residence on the Piper tract and he lived there for a number of years. He sold the Piper tract to Etta Worden about 1921. After his father sold the Schwartz tract to John Zimmerscheid they had the line between the two tracts surveyed and about 1903 built the iron fence on the line established by the surveyor. He further testified that the old iron fence stood along the sidewalk along the south side of the Schwartz house and "barely nipped" the sidewalk at its closest point and that the new fence constructed by the Pipers is on the same line occupied by the old fence.

The same witnesses also attempted to fix the location of the old fence by reference to the tree located on the disputed tract near the front, but their testimony in that *496 respect is equally uncertain, vague, indefinite and conflicting. The tract in dispute is city property only three feet wide at the narrow end. Under these circumstances a variation in the location of the line, even if only a foot or two, is of grave importance. It is essential that the line to which adverse possession is claimed be ascertainable and that the evidence should establish its location with reasonable certainty. The evidence as to the exact location of the old iron fence, which admittedly was the only visible monument or marking establishing the line and which was removed more than thirty years ago, is so vague and indefinite that we must hold that the plaintiffs have failed to establish an ascertainable boundary line by any clear and convincing evidence.

We are not unmindful of the rule relied on by plaintiffs that this court will not reverse the chancellor where the testimony is heard in open court and is conflicting unless his finding is clearly against the weight of the evidence. We have carefully examined all of the evidence and we find that plaintiffs have failed to establish an ascertainable line to which they claimed by adverse possession. They claim to the north line of defendants' driveway which by their own plat appears to range from six feet at the nearest point to nine feet at the farthest point south of plaintiffs' sidewalk. Schwartz's testimony concerning the location of the iron fence with reference to the sidewalk is that it was "two or three or four feet" south of the sidewalk. Defendants' witness on the other hand testified that it "nipped" the sidewalk which would place it on the north line of the disputed tract. Under these circumstances such evidence is too vague, indefinite and conflicting to establish an ascertainable boundary.

The decree of the circuit court of Madison County is reversed and the injunction is dissolved.

Decree reversed.

NEOPOST FIRST-CLASS MA
09/18/2019
US POSTAGE $001.15
ZIP 6060
041L11260

KTJ
KLEIN, THORPE & JENKINS, LTD.
Attorneys at Law

20 N. Wacker Drive, Ste 1660
Chicago, Illinois 60606-2903

James Kelly
406 Oak St.
APt. 2 East
Maywood, IL 60153

DATE RECEIVED THE mail
EXHIBIT (A)

:
; Kelly
ak Street
East
ood, IL 60153

**Check No. / Date**
5248 01/03/2020

**Check Total: $4,750.00**

| ent Type | Service Period | Invoice Number/Date | Claim Number/ Claimant | Loss Date | Amount |
|---|---|---|---|---|---|
| Injury | | | 190625W010-0001<br>James Kelly<br>Full and Final Settlement of All Claims | 11/05/2018 | $4,750.00 |

YOUR HONOR THIS THE RECEIPT OF THE CHECK
CHECK # & DATE WHEN WAS ISSUED, CALL
MADE ON THE SIX OF JAN. 6 ~~TOLD~~ IT WAS
~~[illegible]~~ HERE BY ATTORNEY MR GORKA

EXHIBIT (6)

17. Counterparts. This Agreement may be executed in counterparts, each of which may be signed separately and may be enforceable as an original, but all of which together shall constitute but one agreement.

IN WITNESS WHEREOF, the Plaintiffs and the Defendants have executed this Agreement by affixing their signatures and the dates of execution where indicated below. The effective date of this Agreement, as noted on Page 1 above, shall be the date on which the last signatory signs and dates this Agreement.

JAMES KELLY

James Kelly

Dated: Sept. 23 019

NELLIE PITTMON-OWENS
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 26, 2022

Nellie Pittmon Owens
11/15/19

VILLAGE OF MAYWOOD

(Defendant Police Department)

Willie Norfleet Jr.

Dated: 11-20-19

VALDIMIR TALLEY
(Defendant Chief of Police)

#100

Dated: 11/15/19

AREA TOWING, INC.

______________________________

Dated: ______________________________

EXHIBIT (C)

17. Counterparts. This Agreement may be executed in counterparts, each of which may be signed separately and may be enforceable as an original, but all of which together shall constitute but one agreement.

IN WITNESS WHEREOF, the Plaintiffs and the Defendants have executed this Agreement by affixing their signatures and the dates of execution where indicated below. The effective date of this Agreement, as noted on Page 1 above, shall be the date on which the last signatory signs and dates this Agreement.

JAMES KELLY

James Kelly

Dated: Sept. 23 019

VILLAGE OF MAYWOOD
(Defendant Police Department)

______________________________
Edwenna Perkins, Village President

Dated:______________________________

VALDIMIR TALLEY
(Defendant Chief of Police)

______________________________

Dated:______________________________

AREA TOWING, INC.
Robert A Sloma Sec.

Dated: 11/15/2019

EXHIBIT (D)

**UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.1
Eastern Division**

James Kelly

Plaintiff,

v.

Case No.: 1:19–cv–03163
Honorable John Z. Lee

Chief of Police Talley, et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, September 26, 2019:

MINUTE entry before the Honorable John Z. Lee:Status hearing held on 9/26/19. Plaintiff is not present. Defense counsel reports that the parties have settled the case. This case is dismissed without prejudice; the dismissal will become with prejudice in 60 days with each side to bear their own fees and costs. Civil case terminated. Mailed notice(ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner

v.

Kerry Kelly, Defendant

No. 20400082190

## ORDER FOR SPECIAL CONDITIONS OF BAIL

IT IS HEREBY ORDERED THAT, in the event the Defendant is admitted to bail, he or she shall comply with the special conditions of bail as set forth below:

- ☐ Report to Pretrial Services Unit of the Adult Probation Department and comply with ongoing reporting requirements as determined by Pretrial Services or as specified below: ______
  - Pay up to $50.00 monthly pretrial supervision fee in accordance with the guidelines of the Adult Probation Departments Pretrial Supervision Fees Instructions.
  - Submit address verification to Pretrial Services at the first office visit.
- ☐ Participate in Pretrial Services Drug Monitoring Program
- ☐ Attend counseling as arranged by Pretrial Services ______
- ☐ Undergo drug and/or alcohol assessment
- ☐ Participate in a recommended substance abuse program
- ☐ Report to drug treatment facility for inpatient detoxification/treatment
- ☐ Refrain from indulge in intoxicating liquor, illegal drugs or the following drugs: ______
- ☐ Undergo medical or psychiatric treatment.
- ☐ Remain at the address: ______ during the curfew hours of: ______
- ☐ Remain in the custody of the designated person or organization agreeing to supervise the release of the defendant ______
- ☐ Surrender his or her Firearm Owner's Identification Card to the Clerk of the Circuit Court within 48 hours following release.
- ☐ Surrender all firearms in his or her possession immediately to the following law enforcement agency:
- ☐ Do not possess any firearm or dangerous weapon
- ☐ Do not contact the victim/complainant ______ witness(es) or members of their family(ies): ______
- ☐ Refrain from contacting the victim/complainant for 72 hours following release.
- ☐ Do not enter the premises or the area: ______
- ☐ Refrain from entering the victim's/complainant's ______ residence for 72 hours following release.
- ☐ Vacate the residence located at: ______ until further order of the court.
- ☐ Make payment of temporary child support to his or her dependants.
- ☐ Refrain from contact or communication with child victim as ordered by court.
- ☐ Minor to reside with parents or in foster home, attend school, attend non-residential youth program, contribute to own support (Strike those not applicable.)
- ☐ Be placed in a pretrial bond home supervision capacity with an approved electronic monitoring device.
- ☐ GPS monitoring
- ☐ Report to Adult Probation and comply with GPS requirements in addition to those specified below: ______
- ☐ Surrender his or her passport prior to being admitted to bail.
- ☐ Other as specified: ______ Call 708 865 6220

ENTERED Judge [illegible] JAN 03 2020 DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL DEPUTY CLERK

**VIOLATIONS OF THE CONDITIONS OF BAIL MAY RESULT IN ARREST, INCREASE IN BAIL OR REVOCATION OF BAIL.**

ENTERED:

Dated: ______, ____

[signature] Judge — 2167 Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**CASE CONTINUED**

To: 1/22/20
Date

Time: 9 Room: 103

At: MAywood
Location

25 I

Pretrial

(Rev. 9/30/04) 366*213 A

I00000834

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RECOGNIZANCE BOND, CRIMINAL OR QUASI-CRIMINAL

| ORIGIN OF BOND | Bail set by Rule of the Illinois Supreme Court OR | PURPOSE OF BOND |
|---|---|---|
| USING AGENCY NO: D4, Courtroom 103 | By Judge: | X-TRIAL -APPEAL |

DEFENDANT: YOUR RELEASE ON THIS BOND DOES NOT REQUIRE POSTING OF CASH OR SECURITIES FOR BAIL.

BAIL BOND AMOUNT

**Twenty Five Thousand Dollars and 000/100 Cents $25,000.00**

DEFENDANT NAME (Last): **KELLY** (First): **KERRY** (Initial): **L**

Address: City/State: Zip:

| COURT COMPLAINT OR INDICTMENT NUMBER | Charge | |
|---|---|---|
| | 720 ILCS 5.0/24-1.1-A | UUW - WEAPON - FELON, POSSESS/ |
| CASE #: 20400081901 | | |

**CONDITIONS OF BOND: The defendant is hereby released on the conditions listed below:**

- [X] Appear to answer the charge in court until discharge or final order of court.
- [X] Obey all court orders and process; not leave the state without permission of court; report changes of address to clerk within 24 hours.
- [X] Not commit any criminal offenses while awaiting the final order in this case.
- [X] If on appeal, prosecute the appeal, and surrender to custody if the judgment is affirmed or a new trial is ordered.
- [ ] Surrender (725 ILCS 5/100-10(a) (5)) OR not possess any firearms or dangerous weapons until final order in this case.
- [ ] Not contact or communicate with any complaining witnesses or member of their immediate families, or:
- [ ] Not go to the area or premises of:
- [ ] Not to indulge in intoxicating liquors or certain drugs, to wit:
- [ ] Other conditions:
- [ ] Undergo alcoholism or drug addiction treatment as ordered by the court.
- [ ] Undergo medical or psychiatric treatment as ordered by the court.
- [ ] If you are charged with a criminal offense and the victim is a family or household member, you are ordered to refrain from all contact and/or communication with: for a minimum of 72 hours following release, and further ordered to refrain from entering and/or remaining at the location of: for a minimum of 72 hours following release.
- [ ] Reside with parents or in a foster home, attend school or non-residential program for youths, contribute to his or her support at home or in a foster home, observe curfew set by court:
- [ ] Report to and remain under the pretrial supervision of such agency or third party custodian as ordered by court.

**FELONY DEFENDANTS:**

You are hereby advised that if at any time prior to final disposition of the charge you escape from custody, or are released on bond and you fail to appear in court when required by the court, your failure to appear would constitute a waiver of your rights to confront the witnesses against you and trial could proceed in your absence. If found guilty you could be sentenced in your absence.

**ALL DEFENDANTS:**

FAILURE TO APPEAR: Failure to appear may result in a warrant for your arrest along with the forfeiture of your bail bond and judgment against you and may result in prosecution for the additional offense of bail jumping. Any sentence imposed for violation of bail bond shall be served consecutive to the sentence imposed for the charge for which bail had been granted and with respect to which the defendant has been convicted.

**VIOLATION OF CONDITIONS:**

Violation of any of the above conditions of this bond, including the commission of a new criminal offense while awaiting final order here, may result in the issuance of a warrant for your arrest, and the revocation, increase or modification of bond. Any felony offense committed while on bail will result in consecutive sentencing.

**DEFENDANT NAMED ABOVE SHALL APPEAR IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS LOCATED AT:**

Address: **1500 Maybrook Avenue**

City/Town/Village: **Maywood**

Room No.: **D4 Courtroom 103**

On: **01/22/2020** At: **9:00 AM**

**I understand and accept the conditions of bond I make in this matter. I hereby certify that I understand the consequences of failure to appear for trial as required.**

**Defendant's Signature:**

**Address:**

HOUR: **3:51 PM**

DATE: **1/8/2020**

**The above conditions and certification of defendant have been taken, entered into acknowledgement before me.**

**The defendant is hereby released from custody.**

**Police Officer:** **Star No.:** **Police Dept No.:**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT** **By:** B. Jenkins **Loc./Branch:** D4

COPY#: **THREE** I00000834

OFFICE USE

Signature of Judge at The Circuit Court of Cook County, Illinois (Judge's No)

**COURT FILE COPY**

FORWARD THIS ORIGINAL TO THE OFFICE OF CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS WITHIN 48 HOURS AFTER BOND IS WRITTEN.

Printed: 1/8/2020 3:51 PM

JAMES KELLY
406 OAK ST APT 2E
MAYWOOD IL 60153-1600

2020 FEB -3 AM 7:50

1000

60608

U.S. POSTAGE PAID
FCM LG ENV
MAYWOOD, IL
60153
JAN 29, 20
AMOUNT

**$3.00**

R2304M113065-21

The United States District
Court for The Northern District
~~State of~~ Illinois 60608
219 South Dearborn
Chicago, IL **60604**