IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KERRY KELLY and JAMES KELLY, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 20 C 803 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| THE VILLAGE OF MAYWOOD, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the following reasons, the defendants' Motion to Compel responses to interrogatories and production of documents [Dkt. #69] is granted.

The plaintiffs are appearing *pro se*. Even *pro se* litigants must comply with their discovery obligations, follow the rules, and meet deadlines. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Platt v. U.S. Dept of Ed.*, 775 Fed.App'x. 253, 255 (7th Cir. 2019); *Brownlow v. Van Natta*, 2 Fed.Appx. 516, 519 (7th Cir. 2001). The defendants served document requests and interrogatories on the plaintiffs back on November 12, 2024. [Dkt. #69-1]. Under Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A), responses were due December 12, 2024, now nearly three months ago. Plaintiff James Kelly left a voicemail for defense counsel on December 3, 2024, saying that the plaintiffs would not be responding until after the new year. Defense counsel and the plaintiffs went back and forth with a couple of more phone calls, with defense counsel indicating he would expect responses by January 1, 2025. By January 6, 2025, the plaintiffs had still not responded, so defense counsel sent them a letter by regular mail, certified mail, and text, warning them that if they did not provide responses in seven days, defendants would file a motion to compel. [Dkt. #69-2]. Plaintiffs

received the certified mail letter on January 10, 2025.

On January 16, 2025, plaintiff James Kelly informed defense counsel that plaintiffs would not be providing responses until the week of January 20th. Defense counsel said that if he did not receive responses by Thursday of that week – January 23rd – defendants would file their motion to compel. Unfortunately, January 23rd came and went with nothing from the plaintiffs, so defendants filed their motion to compel on the 27th. A briefing schedule was set for this routine discovery matter, with plaintiffs' response due February 5th. [Dkt. #73]. As is their habit, plaintiffs failed to respond to the defendants' motion. See also Dkt. #18 (failure to pay filing fee), Dkt. #27 (case dismissed for want of prosecution), Dkt. #47 (failure to file response to motion to dismiss), Dkt. #52 (response to motion to dismiss filed 5 days late after extension granted).

Accordingly, the defendants' motion [Dkt. #69] is granted and the plaintiffs are ordered to provide their overdue responses to the defendants' interrogatories and document requests. As the plaintiffs have now had nearly three months to prepare those responses, they shall be due within seven (7) days of this order. Of course, objections will not be acceptable as they have been waived. Under Fed.R.Civ.P. 33(b)(2), the responding party must serve its answers and any objections within 30 days after being served with the interrogatories. In the event of an objection, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4). Similarly, under Fed.R.Civ.P. 34(b)(2)(A), responses are due in writing within 30 days after being served. Any objections must state whether any responsive materials are being withheld on the basis of that objection. And, while Rule 34 does not contain a waiver provision, most courts apply the same waiver rule set out in Rule 33. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir.

1992)("Of course, [plaintiff] had probably already waived any objection to production by failing to object when disclosure was due."); *Nat'l Van Lines v. First Nat'l Van Lines, Inc.*, No. 22 C 4558, 2023 WL 3602803, at *2 (N.D. Ill. May 23, 2023); *AAEON Elecs., Inc. v. NEC Display Sols. of Am., Inc.*, No. 21 C 4397, 2022 WL 13976377, at *3 (N.D. Ill. Apr. 19, 2022); *Boyd v. Lazer Spot, Inc.*, No. 19 C 8173, 2022 WL 2865916, at *2 (N.D. Ill. Mar. 30, 2022); *Stagger v. Experian Info. Sols., Inc.*, No. 21 C 2001, 2021 WL 5299791, at *4 (N.D. Ill. Nov. 15, 2021)("While Rule 34 does not contain express waiver language regarding untimely objections, district courts in the Seventh Circuit [and elsewhere] have interpreted Rule 34 as containing an implicit waiver provision to parallel Rule 33(b)(4)").

Discovery isn't pleasant, but it's part of litigation when one chooses to file a law suit. Those rules include sanctions for failures to provide discovery and comply with court orders, and those sanction include dismissal of the plaintiffs' case, even those of plaintiffs proceeding *pro se.* Fed.R.Civ.P. 37(b)(2)(A); (d)(3); *Tyagi v. Smith*, 790 Fed.App'x 42, 44 (7th Cir. 2019); *Muhammad v. City of Chicago*, 637 Fed.App'x 232, 234 (7th Cir. 2016). Of course, that is a matter for the district court on a proper motion, should the matter ever require district court involvement.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/10/25